**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KEVONNA BUCHANAN,

                Plaintiff,

-against-

THE CITY OF ROCHESTER, HENRY FAVOR, NASER ZENELOVIC, RAYMOND DEARCOP, RALPH MONTINARELLI, JOSEPH MORABITO "JOHN DOE POLICE OFFICER 1-200" COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office.

                Defendants.

**ANSWER**
**TRIAL BY JURY DEMANDED**
**Case No.: 23-cv-6292**

      The City of Rochester, a Municipality, Henry Favor, Naser Zenelovic, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito ("City Defendants") by their attorneys Linda S. Kingsley, Esq,, John M. Campolieto, Esq, *of Counsel*, Answer the Complaint as follows:

      1.    City Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1, 9, 10, 11, 12, 13, 14, 4 (2), 5(2), 7(2), 8(2), 9(2), 11(2), 13(2), 14(2), 15(2), 16, 17, 18, 21, 22, 23, 24, 25, 26, 28, 29, 33, 36, 38, 40, 41, 44, 46, 47, 51, 52, 60, 68, 71, 72, 77, 78, 79, 80, 81-95, 100, 101, 133-138.

      2.    City Defendants deny paragraphs 6(2),10(2),12(2),19, 20, 27, 30, 31, 32, 34, 35  37, 39, 42, 45, 48, 49, 50, 53, 54, 55, 56, 57, 61, 62, 63, 64, 65, 66, 67, 69, 70, 73 74, 75, 76 , 97, 98, 103, 105, 106, 107, 108, 109, 110, 112, 114-121, 123-128, 130 and 131.

1

3. City Defendants deny paragraphs 2 and 3 of the Complaint, except admits that the City of Rochester is a municipal corporation.

4. City Defendants admit as much of paragraphs 4-8 which state that the aforementioned City Defendants were employees of the RPD and acting within the scope of their employment and under the color of law and deny the remainder of the paragraph.

5. As to Paragraph 58, the City Defendants admit as much of the paragraph stating that the City provides training related to protest response and disorder control but denies the remainder of the paragraph

6. Paragraph 14-15 contain legal conclusions and, as such, do not require a response.

7. As to Paragraph 43, the City Defendants deny information or knowledge to form a belief as to the conclusion of the paragraph except admit that police issued clear instructions for protesters to disperse after the gathering had become an unlawful assembly.

8. As to Paragraph 59, the City Defendants admit as much of the paragraph that quotes language that appears on the City website.

9. As to Paragraph 104 the City Defendants cannot answer that paragraph in the context of this Complaint as the subject of the paragraph is an unrelated Ms. Lynch.

10. As to Paragraph 96, 99, 102, 111, 122, 129, 132 are repetitive paragraphs City Defendants respond to said paragraphs as originally responded above, if a second response is required they are further denied.

11. City Defendants deny any and all other allegations in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

12. The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

13. Any use of force allegedly used by any City Defendant was objectively reasonable and justified under New York State and Federal Law.

**THIRD AFFIRMATIVE DEFENSE**

14. The acts or omissions of any City Defendants, Rochester Police Officers, including the individual officers, were not the proximate cause of any of the injuries about which Plaintiff complains.

**FOURTH AFFIRMATIVE DEFENSE**

15. The injuries and damages alleged in the Complaint were caused by a third party, parties or plaintiff's own acts, conduct, or omissions to act, which were negligent, reckless, wrongful, intentional or otherwise culpable. Should any damages ultimately be awarded in this matter, they shall be diminished in proportion to Plaintiff's culpable conduct.

**FIFTH AFFIRMATIVE DEFENSE**

16. Any force, allegedly used, did not rise to the level of a constitutional violation and was reasonable and necessary under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

17. The City of Rochester and employees properly exercised professional judgment, and are therefore entitled to good faith immunity and discretionary immunity from suit.

## EIGHTH AFFIRMATIVE DEFENSE

18. City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

19. The Complaint fails to sufficiently allege facts that any of the Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

20. All conduct by the City of Rochester and by its individual police officers, employees, agents, or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

## ELEVENTH AFFIRMATIVE DEFENSE

21. None of the acts of any City Defendant were taken in consideration of or as a result of Plaintiff's alleged exercise of her First Amendment or other Constitutional rights.

### TWELFTH AFFIRMATIVE DEFENSE

22. The City of Rochester did not authorize, condone, permit, or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE
### DEFENDANTS STATE:

23. None of the individual City defendants— Montinarelli, Zelenovic Favor, Morabito were policy makers for the City of Rochester and cannot be held liable under a Monell theory, supervisory or other.

### AS AND FOR AN FOURTEETHAFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

24. That the actions complained of arose during the arrest of the plaintiff by police officers acting in an official capacity; that such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

25. Any force allegedly used did not rise to the level of a constitutional violation. The force, if any, used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiff were due to and caused because of plaintiff's improper acts and conduct.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

26. That in the event the complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training, retention and/or supervision, the complaint fails to allege sufficient facts to support such allegations and should be dismissed.

27. A cause of action for Respondeat Superior against a municipality is not cognizable under New York State or Federal Law.

### AS AND FOR A SEVENTEETNTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

28. That the City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### AS AND FOR A EIGHTTEENTH AFFIRMATIVE DEFESE, DEFENDANTS STATE:

29. There was no personal involvement by the City Defendants and thus cannot be held liable under a Monell theory—supervisory or other.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFESE, DEFENDANTS STATE:

30. Plaintiff failed to mitigate any alleged damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

31. That the Complaint does not state a cause of action cognizable under 42 U.S.C. §§1983 and 1988.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

Dated: August 18, 2023             LINDA S. KINGSLEY, Corporation Counsel


                                   /s/ John M. Campolieto
                                   _____
                                   BY: John M. Campolieto, Esq., *of Counsel*
                                   Attorneys for Defendants
                                   City Hall Room 400A, 30 Church Street
                                   Rochester, New York 14614
                                   (585) 428-6699

To:   All Counsel of Record, via ECF